**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**GENE GALES**                                                                                            **PLAINTIFF**

**VERSUS**                                                        **CIVIL ACTION NO.  1:07cv485-LG-JMR**

**MIKE FARMER, et al**                                                                             **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motions [11-1] and [39-1] for Default.  Having considered the Plaintiff's Motions [11-1] and [39-1], the Defendants' Response [41-1], along with the entire record and the applicable law, this Court finds that the Plaintiff's Motions are not well-taken and should be denied.

The Plaintiff, Gene Gales ("Gales") filed his original Complaint [1-1] on March 22, 2007, and his Amended Complaint [15-1] on June 20, 2007.  On May 23, 2007, summonses were issued for known defendants Mike Farmer, Franklin Brewer, Nurse Broome and Susan Cooper. Gales filed his first Motion [11-1] for default on May, 25, 2007.  The Marshal successfully served all of the Defendants on June 20, 2007 [28-1; 29-1; 30-1; 31-1].  Defendants were given until July 10, 2007 in which to answer Gales' Complaint.

On June 20, 2007, Gales filed his Motion [15-1] to Amend his Complaint, adding the Stone County Board of Supervisors as defendants.  Defendants did not object to the Motion [15-1] and the Court entered an Order [33-1] granting Gales' Motion to Amend.  All Defendants, including the Stone County Board of Supervisors, timely filed their Answer [20-1] on July 3, 2007, and their Amended Answer [24-1] on July 9, 2007.

Federal Rule of Civil Procedure 12(a) provides that "a defendant shall serve their answer

within twenty days after being served with the summons and complaint." Federal Rule of Civil Procedure 55 provides the mechanism for enforcing time limit found in Rule 12(a) by allowing a plaintiff to move for entry default. Specifically, Rule 55 states:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

As discussed above, all Defendants timely filed all necessary responses to Gales Complaints. Thus, this Court finds that Gales is not entitled to Default Judgment pursuant to Rule 55. Accordingly, Gales Motions [11-1] and [39-1] for Default should be denied.

In accordance with the Rules of this Court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

This the 24th day of August, 2007.

                                               s/ John M. Roper
                                        CHIEF UNITED STATES MAGISTRATE JUDGE